UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | PLAINTIFF |
| VERSUS | CIVIL ACTION NO. 1:11CV179-LG-RHW |
| SIGNAL INTERNATIONAL, LLC | DEFENDANTS |

## ORDER GRANTING MOTION TO INTERVENE

Before the Court is a [2] Motion to Intervene filed pursuant to Fed. R. Civ. P. 24(a) by Sabulal Vijayan, Jacob Joseph Kadakkarappally, and Kurian David (Movants). The instant lawsuit is a complaint filed by the Equal Employment Opportunity Commission (EEOC) against Signal International, LLC (Signal) alleging unlawful employment practices in violation of Section 703(a) and 704(a) of Title VII, 42 U.S.C. §§2000e-2(a) and 2000e-(3). The EEOC filed the complaint on April 20, 2011. Movants filed the instant motion on May 6, 2011, seeking leave to file a complaint in intervention to participate in the original EEOC action.

Signal opposes the motion to intervene on several grounds: (1) the motion is premature and therefore not timely; (2) the intervention improperly seeks to change the nature of the case; and (3) Movant Kurian David should be excluded as an unnecessary party.

Rule 24(a) states in relevant part that

> [o]n timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Movants have not identified a specific federal statutory right to intervene in the instant lawsuit.

However, there is case law suggesting such a statutory right. *See EEOC v. Wackenhut Corp.*, 939 F.2d 241, 243 n.5 (5th Cir. 1991). Regardless, the Court finds that the intervention should be allowed pursuant to Rule 24(a)(2). A party seeking to intervene as of right pursuant to Rule 24(a)(2) must satisfy four requirements: (1) the application must be timely; (2) the applicant must have an interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest; and (4) the applicant's interest must be inadequately represented by the existing parties to the suit. *Sierra Club v. Espy*, 18 F.3d 1202, 1204-05 (5th Cir. 1994).

### **(1) Timeliness**

Signal argues that the intervention is untimely. Generally, a timeliness argument is raised if the motion to intervene is perceived to be filed too late. *See e.g. In re Lease Oil Antitrust Litigation*, 570 F.3d 244, 247-48 (5th Cir. 2009); *Sierra Club*, 18 F.3d at 1205. Here, however, Signal argues that the intervention is premature. The Fifth Circuit has cautioned against granting premature motions to intervene, because there may not be enough reliable information early in the lawsuit to evaluate the motion. *See Stallworth v. Monsanto Co.*, 558 F.2d 257, 265 (5th Cir. 1977). To determine timeliness, the court must examine the following four factors: (1) the length of time between the intervenor learning of his interest and filing his motion; (2) the extent of prejudice that the existing parties may suffer due to the would-be intervenor's delay; (3) the extent of prejudice to the movant if his motion to intervene is denied; and (4) any unusual circumstances which may sway the court one way or the other. *Id.* at 264-66.

The first two factors do not appear to apply because they involve a delay in intervention.

In this case, the motion to intervene was filed 16 days after the complaint. Although Movants seek to intervene early in the litigation process, the cause of intervention and basis for the lawsuit is well known to the parties by virtue of the EEOC complaint and investigation that pre-dated the lawsuit. In fact two of the would-be intervenors, Vijayan and Kadakkarappally, were among those who originally filed complaints with the EEOC alleging discrimination by Signal. Even in those cases where the Fifth Circuit has expressed concern about premature intervention and the potential waste of judicial resources, the Court has done so in the context of advocating leniency for late intervenors. *See e.g. Espy*, 18 F.3d at 1206-07; *Stallworth*, 558 F.2d at 266-67. Signal does not assert any specific prejudice caused by early intervention. Although Signal was compelled as its first pleading in this Court to file a response in opposition to the motion to intervene, Signal has preserved its other rights by subsequently filing a motion for more definite statement and motion to transfer venue.

There is significant potential of prejudice to the Movants if the motion to intervene is denied. The Movants have individualized claims for damages. *See American Ass'n of Retired Persons v. Farmers Group, Inc.*, 943 F.2d 996, (9th Cir. 1991)(holding that private litigants are not precluded from seeking individual damages in a separate lawsuit when EEOC has, in effect, eschewed doing so). Although the EEOC's litigation takes the interests of the charging parties into account, it does not transfer all private enforcement to the EEOC. *See Gen. Tel. of NW v. EEOC*, 446 U.S. 318, 326 (1980). The EEOC's complaint supplements, but does not replace, the private cause of action. *Id.* For example, if not allowed to intervene, the Movants will not be able to participate in the trial concerning any ruling by the court, nor will they be able to appeal any rulings by the court. *John Doe #1 v. Glickman*, 256 F.3d 371, 379 (5th Cir. 2001).

Consequently, the Movants interest in intervening is greater than any prejudice asserted by Signal.

Subsequent to Signal filing its opposition to the motion to intervene, the basis for its untimeliness argument (i.e. the fact that it had not been served with the complaint) has been resolved. The EEOC sent Signal a request for waiver of service on May 20, 2011, which Signal authorized and executed on July 10, 2011. Therefore, the timeliness argument lacks any practical significance at this point.

### **(2) Intervention Changing the Nature of the Case**

Signal acknowledges that Vijayan and Kdakkarappally were claimants in the initial EEOC action, and as such, would have an absolute right to intervene on their own behalf in the EEOC's lawsuit. Signal argues, however, that the motion to intervene changes the character of the action. It argues that the intervention expands the factual circumstances and claims beyond the scope of the initial EEOC complaint. Specifically, Signal argues that the allegations in the intervening complaint refer to activities that occurred outside of the United States and refer to recruiters, fees, and attorneys not mentioned in the EEOC complaint.

The intervention rule is intended to prevent multiple lawsuits where common questions of law or fact are involved, but is not intended to allow the creation of whole new lawsuits by intervenors. *Deus v. Allstate Ins. Co.*, 15 F.3d 506, 525 (5th Cir. 1994). The intervening party becomes a "party" for the purpose of protecting some right or interest. *Id.* With regard to EEOC complaints, the Fifth Circuit has held that their scope should not be interpreted strictly. *See Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 465 (5th Cir. 1970). In liberally construing the EEOC charge, the court's analysis "looks beyond the four corners of the document to its

4

substance." *McClain v. Lufkin Indus.*, 519 F.3d 264, 273 (5th Cir. 2008).

The EEOC complaint identifies the complainants as citizens of India whom Signal recruited for employment in the United States and that the complainants "paid large amounts of money for the job opportunity." The fact that the Movants' proposed complaint goes into greater detail about the recruitment activities and fees paid by them does not fundamentally alter the nature of the lawsuit. Rather, a judicial complaint under Title VII is not limited to the verbatim wording of the administrative charge itself, but by the "scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Pacheco v. Norman*, 448 F.3d 783, 789 (5th Cir. 2006); *see also McClain*, 519 F.3d at 273. The Court finds that the proposed intervention does not change the character of the lawsuit. To the extent that it expands the scope of the lawsuit, it does so in a manner that could be reasonably expected given the allegations in the underlying EEOC charge.

### (3) Kurian David's Intervention

Signal also argues that Movant Kurian David should not be allowed to "piggyback" onto the complaint. Any similarly situated plaintiff is permitted to "opt-in" to an EEOC complaint, provided he or she meets certain criteria. *Anson v. Univ. of Tex. Health Science Ctr.*, 962 F.2d 539, 541 (5th Cir. 1992); *see Bettcher v. The Brown Schools, Inc.*, 262 F.3d 492, 493-94 (5th Cir. 2001).

First, the party must have been similarly situated to the party who filed the EEOC charge. *Bettcher*, 262 F.3d at 494. David was one of approximately 500 Indian employees affected by Signal's alleged discrimination. He worked and resided at Signal's Texas facility. While the other Movants were employed at the Mississippi facility, the alleged conditions and bases for

discrimination are virtually identical. Thus, the Court finds that David is similarly situated to the other Movants.

Second, the charges must have provided Defendant some notice of the collective or class-wide nature of the charge. *Id.* Signal knew from the outset of this complaint that the potential class of employees was the 500 Indian citizens who received H-2B guest worker permits to work as welders and pipe fitters for Signal. Not only was Signal aware of the class-wide nature of the discrimination complaint, it knew with substantial precision and specificity the identity of the class members.

Finally, piggybacking under the single filing ruling is available only if the person who filed the EEOC charges has actually filed a lawsuit that the piggybacking plaintiff may join. *Id.* In this case, the plaintiffs upon whose claims David is piggybacking are his co-Movants for intervention. Since the Court has concluded that the co-Movants (Vijayan and Kadakkarappally) should be permitted to intervene in the EEOC complaint, David may in turn piggyback onto their lawsuit. It would be a waste of time and judicial resources, as well as a triumph of form over substance, to require David to re-file his motion to intervene rather than allow his claim to piggyback with his co-Movants in a simultaneously filed motion.

Given the nearly identical factual circumstances and legal theories behind David's intervention, the Court finds that he should be permitted to intervene, either as an intervention of right pursuant to Rule 24(a)(1) or (2), or by permissive joinder pursuant to Rule 24(b)(1)(B). A factor that would militate in favor of joinder pursuant to Rule 24(a)(2) is the fact that David worked in Signal's Texas facility, rather than the Mississippi facility. Consequently, David is so situated that his interests might not be adequately protected by his co-Movants, who are litigating

6

regarding conditions at the Mississippi facility. Regardless, David "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). In fact, the questions of law and fact are nearly identical to those raised by David's co-Movants.

IT IS THEREFORE ORDERED AND ADJUDGED that the [2] Motion to Intervene is GRANTED.

SO ORDERED, this the 24th day of January, 2012.

s/ *Robert H. Walker*
UNITED STATES MAGISTRATE JUDGE
