```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ET AL. | CIVIL ACTION |
| VERSUS | NO: 12-557 |
| SIGNAL INTERNATIONAL, LLC | SECTION: "A" (3) |

**ORDER**

The Court has considered the parties' arguments with respect to the issue of consolidation and concludes that the David and EEOC cases will not be consolidated at this time.

The Court has already decided that the discrimination claims against Signal will be tried separately in the EEOC case. (Rec. Doc. 78). Thus, the minimal overlap that the David and EEOC cases share is going to be eliminated. Because both the David and EEOC cases will always be pending on the same district judge's docket, formal consolidation is not necessary to ensure that all common legal questions are tried together, or to minimize the occurrences of having to present evidence more than once. The EEOC case is statutorily entitled to expedited consideration,[1] and the Court is convinced that consolidation with the larger and older David matter will only serve to hinder the parties' efforts to comply with the statutory mandate.

Defendants' arguments so vehemently in favor of consolidation

---

[1]
It shall be the duty of the judge designated pursuant to this subsection to assign the case for hearing at the earliest practicable date and to cause the case to be in every way expedited. If such judge has not scheduled the case for trial within one hundred and twenty days after issue has been joined, that judge may appoint a master pursuant to rule 53 of the Federal Rules of Civil Procedure.

42 U.S.C. A. § 2000e-5(f)(5) (West 2003 & Supp. 2011).

suggest that they fail to recognize that consolidation does not alter the parties' substantive rights.  Thus, contrary to the position that Signal takes, consolidation has no effect on whether the David decision base applies in the EEOC matter--the law governing preclusion will determine that regardless of whether the cases are consolidated.  Nor is consolidation necessary in order to avoid repetitive and possibly conflicting legal determinations because the David and EEOC cases will always be pending before the same district judge from this point forward.  And because the David and EEOC cases are pending before the same district judge and the same magistrate judge, the parties will be compelled to engage in a coordinated discovery process, again regardless of whether or not the cases are consolidated.  All parties recognize the need to conduct discovery efficiently.

In short, consolidation solves none of the concerns that Signal raises, and it could only lead to inadvertent delay of both the David and EEOC cases.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Deny Consolidation (Rec. Doc. 64)** filed by the EEOC is **GRANTED**.

April 2, 2012

                                                              _____
                                                                           JAY C. ZAINEY
                                                              UNITED STATES DISTRICT JUDGE