## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**KURIAN DAVID, et al.,**  **CIVIL ACTION**
    **Plaintiffs**

**VERSUS**  **No. 08-1220**

**SIGNAL INTERNATIONAL, LLC, et al.,**  **SECTION "E"**
    **Defendants**


**Related Case:**


**EQUAL EMPLOYMENT OPPORTUNITY**  **CIVIL ACTION**
**COMMISSION,**
    **Plaintiff**

**VERSUS**  **No. 12-557**

**SIGNAL INTERNATIONAL, LLC, et al.,**  **SECTION "E"**
    **Defendants**

**Applies to:** *EEOC v. Signal International* **(Civil Action No. 12-557)**

## ORDER AND REASONS

Before the Court are two motions filed in the *EEOC v. Signal International, LLC et al* matter (Civil Action No. 12-557; "*EEOC*"): (1) plaintiff Equal Employment Opportunity Commission's ("EEOC") "Motion to Strike or Alternatively to Dismiss Defendant's Affirmative Answers,"[1] and (2) plaintiff-intervenors Vijayan, Kadakkarappally, and David's "Motion to Strike, or Alternatively, to Dismiss, Defendant Signal's Affirmative Defenses."[2] Defendant Signal International, LLC ("Signal") filed an opposition to both Motions in one

---

[1] R. Doc. 103.

[2] R. Doc. 110.

1

document.[3]

EEOC seeks an Order from this Court striking all 17 affirmative defenses contained in Signal's "Answer and Affirmative Defenses"[4] to the EEOC's complaint.[5]  Plaintiffs seek an order from this Court striking all 19 of the affirmative defenses contained in Signal's "Answer and Affirmative Defenses"[6] to the plaintiff-intervenors' class complaint in intervention.  Both EEOC and plaintiff-intervenors argue that Signal's affirmative defenses are legally invalid, that they are legally insufficient under the pleading standard set forth in the Federal Rules of Civil Procedure, that they do no respond to a single cause of action, that they deprive EEOC and the plaintiff-intervenors of fair notice to the defenses claimed, that they are either conclusory or merely a denial of the pleadings, and thus insufficient and redundant, and that they should be stricken from the record.  In response, Signal argues its affirmative answers satisfy the pleading standard set forth by Federal Rules of Civil Procedure 8(b) and 8(c), and are thus sufficient for purposes of Federal Rule of Civil Procedure 12(f), because the amount of detail required for a sufficiently pled affirmative defense is lower than the amount of detail that must be included in a complaint.

The Court agrees with EEOC and plaintiff-intervenors that certain affirmative defenses asserted by Signal must be stricken, but notes that Signal should be given an

---

[3] R. Doc. 112.

[4] R. Doc. 91.

[5] In its motion to strike, EEOC also requests that Signal's "Twenty-Second through Twenty-Fifth" defenses and Signal's "Twenty-Seventh through Fortieth-Third [sic]" defenses.  *See* R. Doc. 103 at p. 1. Signal asserts only 17 affirmative defenses, all of which EEOC seeks to strike.  If EEOC seeks to strike anything else from Signal's answer, EEOC failed to provide justification for such an order.  To the extent EEOC's motion to strike requests an order striking anything beyond Signal's affirmative defenses, the motion is denied.

[6] R. Doc. 90.

opportunity to amend its affirmative defenses and re-urge them in a timely fashion. "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). An affirmative defense is "subject to the same pleading requirement as is the complaint," and a defendant "must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir.1999). Federal Rule of Civil Procedure 8 provides the requirements that all pleadings must satisfy, and subsections (b) and (c) of the Rule govern the pleading requirements for defenses and affirmative defenses, respectively. Under Rule 8(b) and (c), a defendant must "state in short and plain terms its defenses to each claim asserted against it" and must "affirmatively state any avoidance or affirmative defense . . . ." FED. R. CIV. P. 8(b)(1)(A) and (c)(1).[7]

A motion to strike under Rule 12(f) "is a drastic remedy to be resorted to only when required for the purposes of justice." *Augustus v. Board of Pub. Instruction of Escambia Country*, 306 F.2d 862, 868 (5th Cir. 1962) (quoting *Brown v. Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)); *see also Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982). "[E]ven when technically appropriate and well-founded," motions to strike are not be granted "in the

---

[7] Signal, EEOC, and the plaintiff-intervenors all argue for varying degrees of application of the well-known *Twombly-Iqbal* pleading standard to Signal's affirmative defenses. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Signal argues that this standard, which the Court uses when analyzing the sufficiency of a complaint, does not apply to affirmative defenses. EEOC and the plaintiff-intervenors argue that *Twombly-Iqbal* does apply to affirmative defenses, and that Signal's affirmative defenses do not meet the facial plausibility standard created by those two cases. The Court need not resolve this dispute, however, as the "fair notice" standard set forth by Rule 8 and the Fifth Circuit in *Woodfield* is a lower threshold than *Twombly-Iqbal*, and Signal's affirmative answers do not meet even that lowered standard.

absence of a showing of prejudice to the moving party." *Abene v. Jaybar, LLC*, 802 F. Supp. 716, 723 (E.D. La. 2011) (quoting 5C Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1381 (3d ed. 2004)). The decision to grant or deny a motion to strike lies within the sound discretion of the trial court. *Tarver v. Foret*, No. 95-1192, 1996 WL 3536, at *1 (E.D. La. Jan. 3, 1996).

Signal's affirmative answers are, for the most part, as EEOC and the plaintiff-intervenors both characterize them, "shotgun" pleadings, devoid of the kind of factual specificity EEOC and the plaintiff-intervenors would need to have fair notice of the defenses Signal is asserting, and to which particular causes of action Signal is claiming each particular defense is meant to apply. *See Woodfield*, 193 F.3d at 362. Because Signal's affirmative defenses are vague and conclusory, EEOC and the plaintiff-intervenors would be prejudiced if they were required to litigate every possible application of each and every defense. However, this is an issue that can be remedied if Signal better defines the defenses it is asserting to at least comply with the fair notice requirement of Rule 8 of the Federal Rules of Civil Procedure. By adding more detail to each of its affirmative defenses and explicitly stating which defenses apply to which causes of action, Signal will be able to assert all of the affirmative defenses it sees fit, the EEOC and the plaintiff-intervenors will be given fair notice of those defenses and be able to prepare to litigate those issues, and this matter can continue to move forward.

Accordingly, **IT IS ORDERED** that Motions to Strike be and hereby are **GRANTED IN PART**, as set forth above.

**IT IS FURTHER ORDERED** that the following affirmative defenses contained in Signal's Answer and Affirmative Defenses to EEOC's complaint be and hereby are

**STRICKEN**, as they are impermissibly vague: 8 and 11.

**IT IS FURTHER ORDERED** that the following affirmative defenses contained in Signal's Answer and Affirmative Defenses to EEOC's complaint be and hereby are **STRICKEN**, as they are merely conclusory denials of EEOC's pleadings: 1, 4, 5, 9, and 12-17.

**IT IS FURTHER ORDERED** that the following affirmative defenses contained in Signal's Answer and Affirmative Defenses to EEOC's complaint be and hereby are **STRICKEN**, as they are not directed at any particular cause of action, and thus deprive EEOC of fair notice of the defense claimed and which cause of action that defense is supposed to apply to: 2, 3, 6, 7, and 10.

**IT IS FURTHER ORDERED** that the following affirmative defenses contained in Signal's Answer and Affirmative Defenses to plaintiff-intervenors' class complaint in intervention be and hereby are **STRICKEN**, as they are impermissibly vague: 8 and 11.

**IT IS FURTHER ORDERED** that the following affirmative defenses contained in Signal's Answer and Affirmative Defenses to plaintiff-intervenors' class complaint in intervention be and hereby are **STRICKEN**, as they are merely conclusory denials of plaintiff-intervenors' pleadings, and thus redundant: 1, 4, 5, 9, and 12-19. Paragraph 117A of Signal's Answer and Affirmative Defenses is also stricken, as it is redundant and confusing.

**IT IS FURTHER ORDERED** that the following affirmative defenses contained in Signal's Answer and Affirmative Defenses to plaintiff-intervenors' class complaint in intervention be and hereby are **STRICKEN**, as they are not directed at any particular cause of action, and thus deprive plaintiff-intervenors of fair notice of the defense claimed and

which cause of action that defense is supposed to apply to: 2, 3, 6, 7, and 10.

**IT IS FURTHER ORDERED** that Signal shall re-urge its answers and affirmative defenses within **fourteen (14)** days of the entry of this Order, amending both pleadings to correct the issues described above.

**New Orleans, Louisiana, this** __20th__ **day of May, 2013.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

Court to Notify:
Magistrate Judge Daniel E. Knowles