UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KURIAN DAVID, et al.,**<br>    **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **No. 08-1220** |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>    **Defendants** | **SECTION "E"** |

*Related Case:*

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY**<br>**COMMISSION,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **No. 12-557** |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>    **Defendants** | **SECTION "E"** |

**Applies to:** *Equal Employment Opportunity Commission v. Signal International* **(Civil Action No. 12-557) ("*EEOC*")**

### ORDER AND REASONS

Before the Court is plaintiff Equal Employment Opportunity Commission's ("EEOC") "Motion for Protection from Delay of Litigation."[1] Plaintiff-intervenors support the EEOC's motion.[2] Defendant Signal International, LLC ("Signal") opposes the EEOC's motion.[3] For the reasons set forth below, the EEOC's motion is granted in part and denied in part.

One of the EEOC's specific prayers for relief in its motion is for an order directing

---

[1] R. Doc. 192.

[2] R. Doc. 193.

[3] R. Doc. 195.

1

Signal to file an answer to the EEOC's amended complaint within ten days.[4] In response, Signal explains that it will file its answer "on or before June 3, 2013."[5] Accordingly, to the extent the EEOC's motion seeks an order directing Signal to answer the EEOC's amended complaint within a certain time frame, **IT IS ORDERED** that the motion be and hereby is **GRANTED.**

**IT IS FURTHER ORDERED** that Signal shall filed an answer to the EEOC's amended complaint on or before **June 3, 2013.**

The Court now turns to the EEOC's general prayer that the Court "immediately release [the *EEOC* matter] from any affiliation with *David* [*v. Signal International, LLC*, Civil Action No. 08-1220], and allow [the EEOC] to proceed with Phase I discovery and litigation," and the following specific prayers: (1) that the Court order Signal to produce the identity of the persons and entities identified in interrogatories propounded on Signal by the EEOC;[6] (2) that the Court authorize the EEOC's issuance of Third-Party Subpoenas; (3) that the Court order the parties to participate in a Rule 26(f) Conference and file a Joint Case Management Order, and to exchange Initial Disclosures no later than 14 days after the Rule 26(f) Conference; and (4) that the Court order that the parties file a Joint Protective Order governing the handling of confidential information.

Judge Zainey denied Signal's motion to consolidate the *EEOC* case and the *David* case while this case was pending before Section "A" of this Court.[7] As a result, while the

---

[4] *See* R. Doc. 153.

[5] R. Doc. 195 at p. 2.

[6] *See* R. Doc. 192-3.

[7] R. Doc. 93.

cases are clearly related, they are not formally consolidated.  It is not clear that the EEOC is referring to when it references "affiliation" of this case with the *David* case.  Affiliation is not a term in the Federal Rules, and there is no order in the record affiliating the two cases.  Instead, they are "related cases," and that is how they are designated in the caption.  Accordingly, to the extent the EEOC's motion seeks an order "releasing its lawsuit from any affiliation with *David*," **IT IS FURTHER ORDERED** that the motion be and hereby is **DENIED AS MOOT.**

The Court agrees with the EEOC, however, that the EEOC should be allowed to proceed with discovery in its case against Signal in an effort to move the case towards a final resolution.  Despite Signal's arguments to the contrary, there is no valid reason why the *EEOC* case should not move forward, and, to accomplish this goal, Signal must engage in meaningful discovery with the EEOC and plaintiff-intervenors.

Accordingly, to the extent the EEOC's motion seeks an order allowing the EEOC to proceed with discovery, **IT IS FURTHER ORDERED** that the motion be and hereby is **GRANTED IN PART** and **DENIED IN PART.**

Specifically, to the extent the EEOC's motion seeks (1) an order directing Signal to produce to the EEOC, no later than **fifteen (15) days** after the entry of this Order, the identity of the persons and entities identified in the interrogatories propounded on Signal by the EEOC; (2) an order authorizing EEOC's issuance of Third-Party Subpoenas, **effective immediately**; (3) an order directing the parties to participate in a Rule 26(f) Conference no later than **twenty (20) days** after the entry of this Order and to exchange Initial Disclosures no later than **fourteen (14) days** after the Rule 26(f) Conference; and (4) an order directing the parties to file a Joint Protective Order, or separate proposals if

no agreement can be reached, governing the handling of confidential information no later than **thirty (30) days** after the entry of this Order, **IT IS FURTHER ORDERED** that the EEOC's motion be and hereby is **GRANTED.**

Finally, the EEOC's request for an order requiring the parties to develop and submit a joint case management order is contingent in part upon the Court's resolution of the EEOC's pending motion to bifurcate the trial of this matter.[8]  Accordingly, to the extent the EEOC's motion seeks an order requiring the parties to file a joint case management order, the EEOC's motion is **DENIED WITHOUT PREJUDICE.**  The Court will deal with the case management order issue in the context of the EEOC's motion to bifurcate.

**New Orleans, Louisiana, this** __3rd__ **day of June, 2013.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

Court to Notify:
Magistrate Judge Daniel E. Knowles

---

[8] *See* R. Doc. 141.