UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KURIAN DAVID, et al.,**<br>    **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **No. 08-1220** |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>    **Defendants** | **SECTION "E"** |

*Related Case:*

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **No. 12-557** |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>    **Defendants** | **SECTION "E"** |

**Applies to:** *Equal Employment Opportunity Commission v. Signal International* **(Civil Action No. 12-557) ("*EEOC*")**

### ORDER AND REASONS

Before the Court is plaintiff Equal Employment Opportunity Commission's ("the EEOC" or "the Commission") "Motion to Bifurcate Trial and Discovery."[1] Plaintiff-intervenors ("the Intervenors") support the EEOC's motion.[2] Defendant Signal International, LLC ("Signal") opposes the EEOC's motion.[3] The EEOC has also filed a reply in further support of its motion to bifurcate[4] and a notice of supplemental authority.[5] For

---

[1] R. Doc. 141.

[2] R. Doc. 149.

[3] R. Doc. 150.

[4] R. Doc. 160.

[5] R. Doc. 183.

1

the reasons set forth below, the EEOC's motion to bifurcate is granted in part and denied in part.

## I. THE EEOC'S CLAIMS

The EEOC asserts four bases for its claims for relief against Signal in this case:[6]

    (1)    that Signal "created and perpetuated a hostile work environment," in violation of § 703(a) of Title VII of the Civil Rights Act of 1964 ("Title VII"), codified at 42 U.S.C. § 2000e-2(a);

    (2)    that Signal subjected certain employees to terms and conditions of employment that were less favorable than enjoyed by other employees, in violation of § 703(a) of Title VII, codified at 42 U.S.C. § 2000e-2(a);

    (3)    that Signal retaliated against specific employees who complained about Signal's employment practices, in violation of § 704(a) of Title VII, codified at 42 U.S.C. § 2000e-3(a); and

    (4)    that Signal "engaged in a pattern or practice of subjecting its Indian Employees to a hostile environment and disparate terms and conditions of employment based on their race and national origin," in violation of § 706(f)(1), § 706(f)(3), and § 707 of Title VII, codified at 42 U.S.C. § 2000e-5(f)(1), 42 U.S.C. § 2000e-5(f)(3), and 42 U.S.C. § 2000e-6, respectively.

## II. BIFURCATION GENERALLY

---

[6] *See* R. Doc. 153 (the EEOC's amended complaint). While this amended complaint was filed after the motion to bifurcate now before the Court, the amendments were, in large part, technical, and have no substantive effect on the Court's resolution of the motion to bifurcate. Indeed, in the motion to bifurcate, the EEOC noted the amendment to correct a citation. *See* R. Doc. 141-1 at p. 6 n. 4.

Federal Rule of Civil Procedure 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." FED. R. CIV. P. 42(b).  The decision to bifurcate pursuant to this rule is left to the discretion of the district court.  *See, e.g., Malin Intern. Ship Repair and Drydock, Inc. v. Veolia Es Special Servs., Inc.*, 369 F. App'x 553, 555 (5th Cir. 2010) (unpublished).

### III.   PHASE I

The Court agrees that bifurcation of the case for discovery and trial is appropriate with respect to the EEOC's pattern or practice claim for disparate treatment as bifurcation will aid in the swift and efficient resolution of these claims.  The Court declines to bifurcate the EEOC's pattern or practice hostile work environment claim because of the subjective nature of the proof required. *See EEOC v. Mitsubishi Motor Mfg. of Am.*, 990 F. Supp. 1059, 1078-79 (C.D. Ill. 1998); *Jenson v. Eveleth Taconite Company*, 824 F. Supp. 847, 875 (D. Minn. 1993); *EEOC v. JBS United States, LLC*, 2011 LEXIS 87127, at *17 (D. Colo. Aug. 8, 2011).

Liability and injunctive relief under the EEOC's pattern or practice claim for disparate treatment to be litigated in Phase I will proceed under the framework the United States Supreme Court delineated in *International Brotherhood of Teamsters v. United States*, 431 U.S. 324 (1997).  Should the trier of fact find liability regarding the EEOC's pattern or practice claim in Phase I, appropriate prospective injunctive relief will be decided by the Court.  Post-trial briefing concerning the appropriateness and type of injunctive and equitable relief will be allowed.

### IV. Phase II

The remaining claims asserted by the EEOC and all claims asserted by the Intervenors will be tried in Phase II, including punitive damages. The Supreme Court has made it clear that any punitive damages determination must be "reasonable and proportionate" to the amount of actual (i.e. compensatory) damages. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 426 (2003). Further, it would be unfair to ask a jury to determine punitive damages against an employer without determining how many individual employees were actually negatively impacted by the alleged discriminatory conduct. *See Phillip Morris USA v. Williams*, 549 U.S. 346, 354 (2007). The EEOC's proposal that the jury in Phase I determine punitive damages runs afoul of the principles articulated in both *State Farm* and *Philip Morris*. This Court must follow the Fifth Circuit's reasoning in *Allison v. Citgo*, 151 F.3d 402 (5th Cir. 1998), which rejected the idea that punitive damages should be assessed on a class-wide basis at the conclusion of the liability phase:

> Punitive damages cannot be assessed merely upon a finding that the defendant engaged in a pattern or practice of discrimination. Such a finding establishes only that there has been general harm to the group and that injunctive relief is appropriate. *See Price Waterhouse v. Hopkins*, 490 U.S. 228, 266 (1989) (O'Connor, J., concurring in the judgment). Actual liability to individual class members, and their entitlement to monetary relief, are not determined until the second stage of the trial. *See id.; Dillon v. Coles*, 746 F.2d 998, 1004 (3d Cir. 1984). And because punitive damages must be reasonably related to the reprehensibility of the defendant's conduct and to the compensatory damages awarded to the plaintiffs, recovery of punitive damages must necessarily turn on the recovery of compensatory damages.

*Id.* at 417.

Handling punitive damages in Phase II will allow the jury to make the fact-specific determinations necessary for each claimant. *See EEOC v. Int'l Profit Assocs.*, 2007 LEXIS

4

78378 (N.D. Ill. Oct. 23, 2007).

## V.   CONCLUSION

Accordingly, **IT IS ORDERED** that the EEOC's motion to bifurcate be and hereby is **GRANTED IN PART** but **DENIED** to the extent it seeks a determination of its hostile work environment pattern or practice claim and its punitive damages claim in Phase I.

In a previous motion, the EEOC requested an order requiring the parties to develop and submit a joint case management order in this case.[7] Because that request was contingent in part upon the Court's resolution of the instant motion to bifurcate the trial of this matter, the Court denied the EEOC's request and informed the parties that this issue would be revisited when the Court resolved the motion to bifurcate.[8]

The Court notes there is a pending motion for partial dismissal filed by Signal.[9] That motion relates only to the recruitment claim filed by the Intervenors and the motion's resolution, even if granted, will not defeat all claims filed by the Intervenors. The pendency of this claim does not affect the parties' ability to craft a case management order with respect to all other claims.

The Court orders the EEOC to submit a proposed Discovery Plan and Case Management Order ("DPCMO"), and a memorandum in support of its proposal, for Phase I and Phase II within fourteen (14) days of this Order. The DPCMO shall cover all topics necessary for the orderly preparation for and trial of Phase I and Phase II, including but not limited to the following topics: the discovery to be taken in each phase, including any issues

---

[7] R. Doc. 192.

[8] R. Doc. 198.

[9] *See* R. Doc. 184 (motion to dismiss).

regarding discovery of electronically stored information and coordination of discovery with the *David* case; the claims to be tried in each phase (in accordance with this Order), with statutory citations for the basis for each claim; the identities of the claimant(s) for each claim in each phase; the elements of, and the burden of proof to be applied to, each claim in each phase;[10] the presumptions or inferences resulting from any previous findings; the affirmative defenses available with respect to each claim in each phase; the effect of any pattern or practice finding in Phase I on individual claims in Phase II; the relief requested for each claim in each phase; the time needed for trial of each phase; and suggested dates for the pre-trial conference and trial of each phase. The EEOC is instructed to confer with the Intervenors and Signal in an attempt to resolve as many issues regarding the DPCMO as possible prior to the filing of the EEOC's proposed DPCMO. In the event that agreement is not reached on all issues, Signal and the Intervenors shall file their objections to the proposed DPCMO, and supporting memorandum, and their counter-proposals, within seven (7) days of the filing of the EEOC proposal.

After consideration of the parties' proposals and memoranda, the Court will enter a DPCMO for Phase I and Phase II. The Court is mindful of the fact that adjustments will likely be necessary as the case progresses but finds it desirable for the orderly administration of this case for a DPCMO to be entered at this time.

**New Orleans, Louisiana, this** 19th **day of August, 2013.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[10] The EEOC has stipulated that its pattern or practice claims are to be decided within the framework the United States Supreme Court delineated in *International Brotherhood of Teamsters v. United States*, 431 U.S. 324 (1997).

Court to Notify:
Magistrate Judge Daniel E. Knowles