**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **KURIAN DAVID, et al.,**<br>**Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **No. 08-1220** |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>**Defendants** | **SECTION "E"** |

***Related Case:***

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br>**Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **No. 12-557** |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>**Defendants** | **SECTION "E"** |

**Applies to: *Equal Employment Opportunity Commission v. Signal International* (Civil Action No. 12-557) ("*EEOC*")**

**ORDER AND REASONS**

Before the Court is defendant Signal International, LLC's ("Signal") "Partial Motion for Dismissal for Failure to State a Claim Upon Which Relief Can Be Granted."[1] Plaintiffs-Intervenors ("the Intervenors") oppose Signal's motion.[2] Signal also has filed a reply in further support of its motion to dismiss.[3] For the following reasons, the motion is **GRANTED.**

---

[1] R. Doc. 184.

[2] R. Doc. 188.

[3] R. Doc. 191.

## BACKGROUND

The Equal Employment Opportunity Commission (the "EEOC") filed a complaint against Signal for various violations of Title VII of the Civil Rights Act of 1964 ("Title VII").[4] The Intervenors, a group of Signal's former employees, filed a complaint in intervention, seeking prospective relief under 42 U.S.C. § 2000e-5(g) and compensatory damages for pecuniary and non-pecuniary losses.[5] The Intervenors also included a claim against Signal for recruitment fees (the "Recruitment Claim") they paid to Michael Pol, d/b/a Global Resources, Inc. ("Pol"), Malvern C. Burnett d/b/a Gulf Coast Immigration Law Center, LLC ("Burnett"), and Sachin Dewan d/b/a Dewan Consultants Pvt. Ltd ("Dewan") (Pol, Burnett, and Dewan collectively referred to as the "Recruiters").[6] The Intervenors' amended complaint added nine (9) additional plaintiff-intervenors in their action against Signal but included the same prayer for recruitment fees as the original complaint. [7]

The Intervenors seek recovery of the recruitment fees they incurred because of Signal's discriminatory practices in violation of Title VII which they say are recoverable under 42 U.S.C. § 1981a(a)(1). Signal moves to dismiss the Intervenors' Recruitment Claim arguing that (1) 42 U.S.C. § 1981a(a)(1) does not provide judicial relief for the Recruitment Claim; (2) Intervenors failed to exhaust their administrative remedies with regards to the

---

[4]R. Doc. 1.

[5]R. Doc. 45. Although the Intervenors' complaint does not explicitly address the statute, the only avenue available for the Intervenors to recover these damages for employment discrimination under Title VII is through 42 U.S.C. § 1981a.

[6]R. Doc. 45.

[7]R. Doc. 179

Recruitment Claim; and (3) Title VII does not apply extraterritorially.[8]

## ANALYSIS

### I. Waiver and Timeliness of Signal's 12(b)(6) Motion to Dismiss

Initially, the Intervenors argue Signal's 12(b)(6) motion is untimely because Signal failed to raise this defense in response to the Intervenor's original complaint. They argue the grounds for Signal's 12(b)(6) motion existed in the original complaint and Signal's ability to bring the motion was not "revived" merely because the Intervenors filed an amended complaint. *See In re Morrison*, 421 B.R. 381, 386 (Bankr. S.D. Tex. 2009). The Intervenors argue that the amended complaint did not create a new basis for their 12(b)(6) motion, therefore Signal should have raised the defense in a motion to dismiss the original complaint. *Id.*

It is true that under Federal Rule of Civil Procedure Rule 12(b) a defendant asserting a 12(b) defense must do so before filing an answer. *See Russell v. Choicepoint Servs. Inc.*, 302 F.Supp. 2d 654 (E.D. La. 2003). But Signal responds that its 12(b)(6) motion to dismiss targets the Intervenor's First Amended Complaint, a pleading that Signal has not yet answered.[9]

The Court need not decide whether the filing of the amended complaint provided another opportunity for Signal to file a 12(b)(6) motion because, even if Plaintiffs-Intervenors amended complaint did not create a new basis for Signal to lodge its 12(b)(6) motion, Signal's ability to raise failure to state a claim as a defense has not been lost. Federal Rule of Civil Procedure 12(h)(2) allows a party to raise the defense of failure to state

[8] R. Doc. 184.

[9] R. Doc. 184-1, p. 1.

a claim by a motion for judgment on the pleadings under Rule 12(c). FED. R. CIV. P. 12(h)(2). A Rule 12(c) motion for judgment on the pleadings may be made after an answer has been filed. FED. R. CIV. P. 12(c). If Signal's 12(b)(6) motion was waived because it was not filed in response to Intervenors' original complaint, the Court may nevertheless treat the motion as a 12(c) motion for judgment on the pleadings for failure to state a claim for which relief may be granted. *See Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

## II. Standard of Law

Whether Signal's motion is treated as a Rule 12(b)(6) motion to dismiss or as a Rule 12(c) motion for judgment on the pleadings does not change the legal standard the Court must apply. The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6). *Johnson v. Johnson*, 385 F.3d 503, 528 (5th Cir. 2004). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). As the Fifth Circuit explained in *Gonzales v. Kay*:

> "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 128 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955, 167 L.Ed.2d 929). "A Claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

> alleged." *Id.* It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - that the pleader is entitled to relief." *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

577 F.3d 600, 603 (5th Cir. 2009).

The Court cannot look beyond the factual allegations in the pleadings to determine whether relief should be granted. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In assessing the Intervenors' complaint, the Court must accept all well-pleaded facts as true and liberally construe all factual allegations in the light most favorable to the Intervenors. *Spivey*, 197 F.3d at 774; *Lowrey v. Tex A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief." *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (unpublished) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)). A court may grant a motion for judgment on the pleadings when no genuine issues of material fact remain and the case can be decided as a matter of law. *Erickson v. Pardus*, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007).

**III. Extraterritorial Application of Title VII**

Signal moves to dismiss the Intervenors' Recuitment Claim because Title VII does not apply extraterritorially.[10] Intervenors in response argue that the extraterriorial application of Title VII is not required because the Intervenors worked at Signal's facilities in the United States.[11] Signal concedes, and this Court agrees, that the Intervenors' other Title VII claims based on conditions within the United States present no extraterritoriality

---

[10]R. Doc. 184, p. 8.

[11]R. Doc.

issues.[12] On the other hand, the alleged discriminatory conduct in connection with the Recruitment Claim relates to events outside of the United States before the Intervenors began work at Signal's facilities.

The Court must acknowledge the "longstanding principle of American law 'that legislation of Congress, unless contrary intent appears, is meant to apply only within the territorial jurisdiction of the United States." *EEOC v. Arabian American Oil Co.*, 499 U.S. 244, 248 (1991) (quoting *Foley Bros., Inc. v. Filardo*, 336 U.S. 281, 285 (1949)). This important principle "serves to protect against unintended clashes between our laws and those of other nations which could result in international discord." *Id.* Thus, the presumption against extraterritorial application of a federal statute can be overcome only if there is an "affirmative intention of the Congress clearly expressed." *Id.* (quoting *Benz v. Compania Naviera Hidalgo, S.A.*, 353 U.S. 138, 147 (1957)). Because this determination is "a matter of statutory construction," *Arabian*, 499 U.S. at 248, the Court begins with the text of Title VII.

Section 2000e(f) of Title VII provides that "with respect to employment in a foreign country, such term [employee] includes an individual who is a citizen of the United States." 42 U.S.C. § 2000e(f). Further, section 2000e-1(a) states that Title VII "shall not apply to an employer with respect to the employment of aliens outside any State." 42 U.S.C. § 2000e-1(a); *See Iwata v. Stryker Corp.*, 59 F.Supp. 2d 600, 603 (N.D. Tex. 1999). Read together, the two statutes show Congress' intention to exclude non-citizens located outside of the United States from the protection of Title VII. *See id.* at 604. However, non-citizens are covered by the statute if they are working in the United States. *See Espinoza v. Farah*

---

[12] R. Doc. 184, p. 10.

*Mfg. Co.*, 414 U.S. 86, 95 (1973).

In the case before the Court, it is undisputed that the Intervenors paid all recruitment fees prior to their arrival in the United States. Signal's alleged discriminatory acts, requiring the Intervenors to pay higher recruitment fees than other non-Indian workers, occurred before the Intervenors came to the United States.[13] Under a plain reading of section 2000e(f) and section 2000e-1(a), the Intervenors were not covered by Title VII when they paid the recruitment fees because they were non-citizens and they were not working within the United States at the time. "It is clear from the plain language of 42 U.S.C. § 2000e(f) and 42 U.S.C. § 2000e-1(a) that Congress intentionally excluded individuals such as Plaintiffs from the protections of Title VII." *Iwata v. Stryker Corp.*, 59 F. Supp. 2d 600, 604 (N.D. Tex. 1999). Further, based on the language of Title VII, there is no "affirmative intention of Congress clearly expressed" to cover the recruitment fees that defeats the presumption against extraterritorial application of the statute. *EEOC v. Arabian American Oil Co.*, 499 U.S. 244, 248 (quoting *Benz v. Compania Naviera Hidalgo, S.A.*, 353 U.S. 138, 147 (1957)).

The Intervenors argue that an analysis of Title VII's extraterritorial application is not required because the Intervenors eventually worked in the United States.[14] The Intervenors urge that they were employed within the United States under both of the tests courts apply to determine the location of an individual's employment. *Gomez v. Honeywell Int'l, Inc.*, 510 F. Supp. 2d 417, 421-24 (W. D. Tex. 2007) (explaining the "center of gravity" test and

[13]R.Doc. 179. The Court notes that four of the twelve Intervenors paid recruitment fees prior to Signal's involvement in seeking foreign employees to work at its facilities to work in the United States.

[14]R. Doc. 188

the "primary work station test" used to determine whether the plaintiff-employee was employed in the United States); *Shekoyan v. Sibley Int'l Corp.*, 217 F. Supp. 2d 59, 68 (D.D.C. 2002). Regardless of which test Intervenors urge the Court to apply, their argument misses the mark. The Intervenors cannot recover under Title VII for their Recruitment Claim because of *when* the claims arose, not *where* the Intervenors eventually worked. The Court notes that the Intervenors may have valid claims against Signal for acts occurring in the United States after the Intervenors arrived. However, the Recruitment Claim is based on events before the Intervenors arrived in the United States, for acts occurring beyond this country's borders and the reach of Title VII.

The most illustrative case involving a discrimination claim based on events prior to the plaintiff-employee's arrival to the United States is *Reyes-Gaona v. N.C. Growers Ass'n*, 250 F.3d 861 (4th Cir. 2001). In *Reyes*, the plaintiff sued an American corporation for violations under the Age Discrimination in Employment Act (ADEA). *Id.* Although *Reyes* does not involve a suit under Title VII, the ADEA has almost identical provisions regarding the application of the statute to non-citizens abroad.[15] The plaintiff, a Mexican resident, applied for a job in North Carolina. *Id.* at 865. However, the entire application process occurred in Mexico and the plaintiff's claim was based on events in Mexico. *Id.* at 863. The Fourth Circuit held that the plaintiff was not entitled to bring a suit under the ADEA simply because the *future* place of employment was located within the United States. *Id.* at 866. The court found that the plaintiff was a non-citizen who was not employed within the United States, which prevented her from having a claim under the ADEA. *Id.*

---

[15] Title VII and the ADEA's "provisions defining 'employee' and outlining foreign employment are virtually identical." *Iwata*, 59 F.Supp. 2d at 604.

Similarly, the Intervenors were not citizens and they were not employed in the United States when their Recruitment Claim arose. A plain reading of the text of the statute compels the conclusion that the Intervenors' Recruitment Claim is not viable under Title VII, and therefore compensatory damages cannot be recovered on this claim under § 1981a.

**IV. Exhaustion of Remedies**

The Court need not reach the issue raised in Signal's motion regarding exhaustion of remedies. Regardless of whether the Intervenors properly exhausted their administrative remedies regarding the Recruitment Claim, the claim for recruitment fees must be dismissed for the reasons stated above.

The Court also notes that when deciding motions to dismiss under Federal Rule of Civil Procedure 12(c), it must limit its analysis to the facts alleged in the pleadings. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). In its motion, Signal attached several exhibits to support its arguments surrounding the exhaustion of administrative remedies.[16] When a court considers information outside the pleadings, a motion to dismiss is converted into a motion for summary judgment under Federal Rule of Civil Procedure 56. *See Clark v. Tarrant Cnty., Tex.*, 798 F.2d 736, 745 (5th Cir. 1986). In deciding the present motion, the Court did not consider any matters outside of the pleadings. All of the attached exhibits related to Signal's arguments concerning the Intervenors' failure to exhaust administrative remedies, an issue the Court does not address. Therefore, Signal's motion is not treated as a motion for summary judgment.

**CONCLUSION**

Signal's motion to dismiss is timely and Signal's defense of failure to state a claim

[16]R. Doc. 184. Signal attached Exhibit "A", "B", "C" and "D" to its motion to dismiss.

for which relief can be granted is not waived. The Intervenor's Recruitment Claim for compensatory damages under §1981a(a)(1) is not recoverable under Title VII. At the time the basis for the Intervenor's claim arose, the Intervenors were not "employees" as defined by Title VII because they were aliens outside the United States. Accordingly, Signal's motion to dismiss the Recruitment Claim is **GRANTED.**

**New Orleans, Louisiana, this** 26th **day of September, 2013.**

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

Court to Notify:
Magistrate Judge Daniel E. Knowles