UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KURIAN DAVID, et al.**<br>    Plaintiffs | **CIVIL ACTION** |
| **VERSUS** | **No. 08-1220** |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>    Defendants | **SECTION "E"** |

**Related Cases:**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br>    Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **No. 12-557** |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>    Defendants | **SECTION "E"** |
| **LAKSHMANAN PONNAYAN ACHARI, et al.,**<br>    Plaintiffs | **CIVIL ACTION** |
| **VERSUS** | **No. 13-6218**<br> **(c/w 13-6219, 13-6220, 13-6221)** |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>    Defendants | **SECTION "E"** |

**Applies To:** *EEOC v. Signal* **(12-557)**

### ORDER AND REASONS

Before the Court is defendant Signal International, LLC's ("Signal") Motion to

1

Review Magistrate Judge's Order.[1] Plaintiff, Equal Employment Opportunity Commission ("EEOC") opposes Signal's motion.[2] Plaintiffs-Intervenors also oppose Signal's motion.[3]

## BACKGROUND

The EEOC brought suit against Signal under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et. seq.* ("Title VII"), for discriminating against approximately 500 Indian national employees who worked and lived in Pascagoula, Mississippi and Orange, Texas. The EEOC and Signal each filed a Motion for a Protective Order on July 16, 2013. The EEOC sought an order protecting private information of the Indian employees and their families from discovery, including immigration status, history or proceedings, their post-Signal employment and income history, and their post-Signal addresses.[4] Signal opposed the EEOC's motion, arguing the information is necessary to protect its constitutional right under the Fifth Amendment to impeach those testifying against Signal because the information is probative of bias, motive, and lack of credibility.[5] Signal filed a motion seeking a protective order of its own to prevent the dissemination of information gained through pretrial discovery and to make former Signal employees' addresses and telephone numbers privy to only counsel in the case.[6]

The Magistrate Judge granted in part and denied in part the parties' motions in a

---

[1] R. Doc. 252.

[2] R. Doc. 281.

[3] R. Doc. 265.

[4] R. Doc. 207.

[5] R. Doc. 215.

[6] R. Doc. 208.

single order on September 10, 2013.[7] The Magistrate Judge granted the EEOC's protective order with respect to the private information of the employees and their families, including immigration information, post-Signal employment and income history, post-Signal addresses, and tax documents.[8] Signal's protective order was granted in part, and limited the use of materials gleaned through pretrial discovery to preparation for and for use at trial.[9] The Magistrate Judge also granted Signal's protective order limiting disclosure of Signal's former employees' addresses and telephone numbers to only those persons deemed in good faith necessary to the prosecution of the lawsuit.[10]

Because the parties submitted competing protective orders accompanying their motions, the Magistrate Judge directed the parties to submit a single, joint, proposed protective order in compliance with the September 10 order.[11] The parties submitted the joint protective order on November 4, 2013.[12]

Signal filed a Motion to Review Magistrate's Order on September 26, 2013 and that motion is presently before the Court. Signal's motion only seeks review of the Magistrate Judge's order to the extent it prevented discovery regarding immigration history and status,

---

[7] R. Doc. 237.

[8] *Id.*, pp. 11-12.

[9] *Id.*, p. 13.

[10] *Id.* p. 15.  The Magistrate Judge further stated it would not order parties to serve supoenas on non-parties if parties wished to speak to the non-parties. Lastly, the Magistrate Judge's order stated the parties may request Electronically Stored Information (ESI) in any format they choose, and the protective order in *David v. Signal* (08-1220) requiring ESI in non-native format was not applicable to this case. (Doc. 1352 in *David*).

[11] *Id.*, p. 15.

[12] R. Doc. 284. The temporary government shut down during October 2013 prevented the parties from submitting the joint proposed protective order until November 4, 2013. (*See* R. Doc. 260).

3

post-Signal employment, and tax returns.[13]

## STANDARD OF REVIEW

Signal seeks review of the Magistrate Judge's ruling based on Federal Rule of Civil Procedure 72(a) and Local Rule 72.2. If a party disagrees with a Magistrate Judge's ruling, the "district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); LR 72.2. As another section of this Court summarized:

> Under this standard, factual findings are reviewed for clear error, which is present when the reviewing court upon examination of the entire evidence is left with the definite and firm conviction that a mistake has been committed. Conclusions of law should be overturned when the magistrate fails to apply or misapplies relevant statutes, case law or rules of procedure. For issues that are committed by law to a judge's discretion, such as the resolution of discovery disputes, the magistrate's rulings are reviewed for abuse of discretion.

*Kiln Underwriting Ltd. v. Jesuit High Sch. of New Orleans*, 2008 U.S. Dist. LEXIS 86286 (E.D. La. Oct. 24, 2008)(Berrigan, J)(citations and quotation marks omitted).

## LAW AND ANALYSIS

Signal argues the Magistrate Judge committed legal error in preventing the discovery of the employees' private immigration and post-Signal information because the Magistrate Judge did not fully consider Signal's Fifth Amendment right to cross examine witnesses. Signal argues the Magistrate Judge attributed "too little weight to Signal's right to cross examine for motive."[14] Signal frames the Magistrate Judge's ruling as legal error and asks

---

[13] R. Doc. 252, p. 2.

[14] R. Doc. 252, p. 1.

4

this Court to overturn the Magistrate Judge's ruling.[15]

Having reviewed the record, the Magistrate Judge's order, and the parties' memoranda, the Court does not find any legal error. The Magistrate Judge's order fully examined and balanced the relevance of the immigration information, the *in terrorem* effect on the employees, and Signal's right to cross-examine witnesses. The Magistrate Judge found the information to be irrelevant, and concluded the *in terrorem* effect caused by seeking the employees' immigration information outweighed Signal's interests in using the information to cross examine witnesses. Signal has not shown the Magistrate Judge "fail[ed] to apply or misapplie[d] relevant statutes, case law or rules of procedure." *Kiln Underwriting Ltd. v. Jesuit High Sch. of New Orleans*, 2008 U.S. Dist. LEXIS 86286 (E.D. La. Oct. 24, 2008) (citations and quotation marks omitted). Thus, the Magistrate Judge's ruling is reviewed for abuse of discretion. *Id.*

After considering the arguments of the parties and the decision of the Magistrate Judge, in which he fully considered Signal's right to cross examine witnesses, the Court finds the Magistrate Judge did not abuse his discretion.

Accordingly, **IT IS ORDERED** that the Magistrate Judge's order prohibiting the discovery of immigration status, history, proceedings, and post-Signal employment and tax returns is **AFFIRMED**.

New Orleans, Louisiana, this  2nd  day of December, 2013.

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[15] R. Doc. 252, p. 11.