UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KURIAN DAVID, et al.**<br>    **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **No. 08-1220** |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>    **Defendants** | **SECTION "E"** |

**Related Cases:**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **No. 12-557** |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>    **Defendants** | **SECTION "E"** |
| **LAKSHMANAN PONNAYAN ACHARI, et al.,**<br>    **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **No. 13-6218**<br> **(c/w 13-6219, 13-6220, 13-6221)** |
| **SIGNAL INTERNATIONAL, LLC, et al.,**<br>    **Defendants** | **SECTION "E"** |

**Applies To:** *EEOC v. Signal* **(12-557)**

### ORDER AND REASONS

Before the Court is plaintiff Equal Employment Opportunity Commission's ("EEOC")

1

Motion to Strike[1] Signal's Motion for Partial Summary Judgment,[2] Statement of Uncontested Material Facts,[3] and Motion for Modification of Protective Order.[4] The EEOC's Motion to Strike is **GRANTED IN PART** and **DENIED IN PART.**

Under Rule 56(c), a summary judgment motion must "cit[e]to particular materials *in the record*, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials" to show the absence of a genuine issue of material fact. Fed. R. Civ. P. 56(c)(emphasis added). Signal's Motion for Partial Summary Judgment and Statement of Uncontested Facts do not point to any materials in the record of the *EEOC* case to show it is entitled to judgment as a matter of law. *See Skinner v. Hinds County, Miss.*, 2014 WL 317872, at *3 ("[F]actual assertions must be supported with cites to particular parts of the record under Rule 56(c)"). The T and U visa affidavits upon which Signal relies are not in the record of the *EEOC* case.[5] Thus, Signal has failed to comply with Rule 56(c).

Accordingly, **IT IS ORDERED** that the EEOC's Motion to Strike Signal's Motion for Partial Summary Judgment and Statement of Uncontested Facts be and hereby is

---

[1] R. Doc. 370.

[2] R. Doc. 341. Signal's Motion for Partial Summary Judgment seeks a recognition of its "constitutionally protected right to pursue, at trial, its defense of innocence by questioning those who accuse it of criminal and other wrongdoing about motive."

[3] R. Doc. 341-3.

[4] R. Doc. 342. Signal's Motion for Modification of Protective Order asks the Court to apply a protective order in place in the *David v. Signal* (08-1220) to *EEOC v. Signal* (12-557). The protective order (Doc. 913 in 08-1220) allowed plaintiffs in *David* to redact certain information from T and U visa affidavits the Court had previously ordered plaintiffs to produce for use only in the *David* action. (Doc. 854 in 08-1220). Signal seeks to use the affidavits in the *EEOC* case.

[5] The Court has not yet ruled on Signal's Motion for Modification of Protective Order, thus, the T and U visa affidavits may only be used in the *David* case at this time. A protective order in the *EEOC* case currently prevents the use of the affidavits in the *EEOC* case. (*See* R. Doc. 285).

**GRANTED**, and those two pleadings are **STRICKEN** from the record.

To the extent the EEOC's motion also seeks to strike Signal's Motion for Modification of Protective Order, **IT IS FURTHER ORDERED** that the EEOC's Motion to Strike is **DENIED**, and the Court will rule on Signal's Motion for Modification of Protective Order by separate order.

New Orleans, Louisiana, this 12th day of February, 2014.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**