UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | CIVIL ACTION |
| VERSUS | NO. 12-557 |
| SIGNAL INTERNATIONAL, L.L.C. | SECTION "E" (3) |

**ORDER**

On January 8, 2014, Plaintiff Equal Employment Opportunity Commission's Motion to Compel Responses to Its First and Second Requests for Production of Documents [Doc. #310] came on for oral hearing before the undersigned.  Present were Gerald Miller and Julie Bean on behalf of plaintiff Equal Employment Opportunity Commission ("EEOC"), Daniel Werner on behalf of plaintiffs-intervenors, and Hal Ungar and Elham Rabbani on behalf of defendant ("Signal").  After the oral hearing, the Court ordered supplemental briefing by the EEOC, and the EEOC complied.  Signal then filed a supplemental opposition.   Having reviewed all of the various pleadings and the case law, the Court rules as follows.

**I.      Background**

The EEOC filed a complaint against Signal for various violations of Title VII of the Civil Rights Act of 1964 ("Title VII"). The Intervenors, a group of Signal's former employees, filed a complaint in intervention, seeking prospective relief under 42 U.S.C. § 2000e–5(g) and

compensatory damages for pecuniary and non-pecuniary losses. The Intervenors also included a claim against Signal for recruitment fees (the "Recruitment Claim") they paid to Michael Pol, d/b/a Global Resources, Inc. ("Pol"), Malvern C. Burnett d/b/a Gulf Coast Immigration Law Center, LLC ("Burnett"), and Sachin Dewan d/b/a Dewan Consultants Pvt. Ltd ("Dewan") (Pol, Burnett, and Dewan collectively referred to as the "Recruiters"). The Intervenors' amended complaint added nine (9) additional plaintiff-intervenors in their action against Signal but included the same prayer for recruitment fees as the original complaint.

The underlying facts have been exhaustively detailed in earlier opinions, and the Court will not repeat them here. *See, e.g., David. v. Signal Int'l, L.L.C.*, Civ. A. No. 08-1220, 2012 WL 4344540 (E.D. La. Sept. 21, 2012).

**II.   Analysis**

The Court has exhaustively reviewed each contested discovery request and rules as follows.[1]

Signal has withdrawn its objections to the EEOC's First Request for Production ("RFP") Nos. 11 (except as to subpart (kk)), 19, 27 and 29. Signal has also withdrawn its objections to the EEOC's Second Interrogatory ("Int.") Nos. 4 and 5. And Signal has clarified that it has no objection to the EEOC's First RFP Nos. 4, 7, 24, 32, 36, 37, 45, 46 and 47. Further, Signal has confirmed that it has no documents responsive to the EEOC's First RFP Nos. 35, 40, 51 and 52. Accordingly, as to these discovery requests, the motion is moot.

As an initial matter, the Court does not find the time period of the following requests (January 1, 2005 - December 31, 2009) to be overbroad. Signal can not unilaterally limit the time

---

[1]   This ruling tracks the discovery requests as they are outlined in the EEOC's supplement post-hearing memorandum.

period from the approximate date of Hurricane Katrina to the date when the camps allegedly closed. In all lawsuits, parties should anticipate that discovery time periods may encompass periods before and after the events that gave rise to the lawsuit. As the EEOC correctly notes, the events leading up to the alleged camps, the policies and procedures set in place to recruit for the camps, and even the aftermath of the camps may lead to the discovery of admissible evidence. The Court thus rejects Signal's argument on this point.

RFP Nos. 8 and 9: The Court finds that these requests are highly overbroad. They are neither limited in time nor to parties and/or governmental bodies related to this lawsuit. They are stricken. The EEOC may re-propound them after it narrowly tailors them.

RFP No. 22: The Court also finds this request highly overbroad. This RFP is not limited in time. Subparts (b), (c) and (d) are stricken as not reasonably calculated to lead to the discovery of admissible evidence and as overbroad. Subpart (f) is also stricken as overbroad. The EEOC may re-propound subpart (f) should it narrowly tailor it.

RFP Nos. 25, 26 and 31: The Court finds that these requests are reasonably calculated to lead to the discovery of admissible evidence. Signal shall respond to them.

RFP Nos. 42 and 44: The Court finds these requests to be overbroad temporally and limits them to January 1, 2004 through December 31, 2009.

RFP No. 43: The Court does not find this request to be reasonably calculated to lead to the discovery of admissible evidence. It is stricken.

Int. Nos. 8 and 9: The Court finds that these requests are reasonably calculated to lead to the discovery of admissible evidence. Signal shall respond to them.

Int. No. 10: The Court finds this request to be overbroad temporally and limits it to January

1, 2004 through December 31, 2009 but also finds that it is reasonably calculated to lead to the discovery of admissible evidence. Signal shall supplement its response should it have further responsive information.

    Int. No. 12: The Court finds that this request is reasonably calculated to lead to the discovery of admissible evidence. Signal shall respond to it.

    Int. No. 13: The Court finds that this request is reasonably calculated to lead to the discovery of admissible evidence. Signal shall respond to it.

    Signal also objected to numerous requests on the ground of relevancy, addressed below. As an initial matter, the Court rejects Signal's relevancy objection as to its recruitment of the workers. While there appears to be no direct recruitment claim here, and only a claim for treatment of the workers at the alleged camps, evidence regarding Signal's creation and implementation of the recruitment program may lead to the discovery of admissible evidence as to its underlying intent and expectations for the alleged camps.

    RFP No. 3: The Court finds that this request is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Signal's hiring and/or attempts to hire "non-H2B visa workers" is irrelevant to the claims in this lawsuit concerning Signal's treatment of H2B visa workers.

    RFP No. 10: The Court finds this request to be reasonably calculated to lead to the discovery of admissible evidence. Signal shall supplement its response should it have further responsive information.

    RFP No. 17: The Court finds this request to be reasonably calculated to lead to the discovery of admissible evidence, except as to employees that Signal "sought to hire." That phrase is stricken.

Signal shall supplement its response should it have further responsive information.

RFP No. 23: The Court finds this request to be reasonably calculated to lead to the discovery of admissible evidence. Signal shall supplement its response should it have further responsive information.

RFP No. 28: The Court finds this request to be reasonably calculated to lead to the discovery of admissible evidence. Signal shall supplement its response should it have further responsive information. If Signal has already produced said information in response to earlier requests and/or inquiries, it need not do so again.

RFP No. 30: The Court finds this request to be reasonably calculated to lead to the discovery of admissible evidence. Signal shall supplement its response should it have further responsive information. If Signal has already produced said information in response to earlier requests and/or inquiries (*i.e.*, RFP No. 28 above), it need not do so again. Lastly, the Court finds subpart (kk) to be overbroad and unduly burdensome in that it seeks all documents related to the allegations in the amended complaint and the answer. Subpart (kk) is stricken.

RFP No. 33: The Court finds this request to be reasonably calculated to lead to the discovery of admissible evidence. Signal shall supplement its response should it have further responsive information.

RFP No. 38: The Court finds this request to be reasonably calculated to lead to the discovery of admissible evidence. Signal shall supplement its response should it have further responsive information.

Signal also objects to RFP Nos. 2, 5, 6 and 41 on the ground that evidence related to the effects of Hurricanes Katrina and Rita on Signal and any insurance claims and government

assistance after the hurricanes is not reasonably calculated to lead to the discovery of admissible evidence. The Court finds that these requests are overbroad and not reasonably calculated to lead to the discovery of admissible evidence – as written. For Example, RFP No. 2 reads:

> Produce all documents, electronically stored information, and tangible things related to federal government financial aid or assistance of any kind discussed, considered, sought, applied for or received by Signal as a result of Hurricane Katrina and Hurricane Rita including, **but not limited to,** *assistance related to the recruitment, hiring, and housing of* **prospective/actual employees, including (but not limited to)** *Indian H-2B Visa employees who worked at Signal's facilities in Pascagoula, Mississippi and Orange, Texas*.

[Doc. #338 at p. 26]. The EEOC is to delete the phrases in bold and include the phrases in italics in each of the four aforementioned requests. Written in that way, the Court finds them more narrowly tailored and reasonably calculated to lead to the discovery of admissible evidence.

Signal further objected to RFP No. 34. The Court finds this request to be overbroad temporally and limits it to January 1, 2004 through December 31, 2009 but also finds that it is reasonably calculated to lead to the discovery of admissible evidence. Signal shall supplement its response should it have further responsive information.

Signal also objected to numerous requests based on the information sought:

RFP No. 53 and Int. No. 11, Subpart (kk): These are literally catch-all requests and highly overbroad. The Court strikes them.

Request for Admission ("RFA") No. 48, Subpart (A): The Court finds this request to be overbroad temporally and limits it to January 1, 2004 through December 31, 2009 but also finds that it is reasonably calculated to lead to the discovery of admissible evidence. Signal shall supplement its response should it have further responsive information.

Signal made further objections on the grounds of vagueness and ambiguity.

RFP No. 1: The Court finds that Signal has sufficiently responded to this RFP and shall supplement its production, should it find further responsive documents.

RFP No. 21: The Court sustains Signal's objection to this RFP.  Although Signal has produced documents responsive to this RFP, the Court finds that this RFP is confusingly worded and subject to numerous meanings.  Should the EEOC wish to re-word the RFP and re-propound it, it may do so, but as worded, it is unclear what the EEOC seeks through this discovery request.

RFP No. 39: The Court also sustains Signal's objection to subpart (c) of this RFP.  "[T]he presence of large numbers of Indian employees" is vague and ambiguous.  In any event, the Court finds that Signal has sufficiently responded to this RFP.

Int. No. 3: The Court sustains Signal's objection to this interrogatory.  In any event, the Court finds Signal's response sufficient: It is not aware of any derogatory, prejudicial or stereotypical comments related to the Indian H-2B Visa employees who it employed.

Int. No. 11: As with RFP No. 39, the Court also sustains Signal's objection to subpart (c) of this RFP.  "[T]he presence of large numbers of Indian employees" is vague and ambiguous.  In any event, the Court finds that Signal has sufficiently responded to this RFP.

With regard to Int. No. 7, the Court finds that Signal has sufficiently responded to it.

Signal objected to the First RFP Nos. 20 and 49 and the Second RFP Nos. 5 and 6 on the ground of attorney-client and/or work-product privileges.  Signal shall produce a detailed privilege log with regard to these requests in order to allow the EEOC to challenge the assertion of privilege.

Signal objected to RFA Nos. 16, 17, 19, 24, 26, 33, 34, 41 and 42 on the ground that each request for admission seeks a conclusion of law.  The Court has reviewed the RFAs and sustains Signal's objection.  Given that numerous RFAs actually include the phrase "by law or regulation,"

the EEOc should have realized that said RFAs seek a conclusion of law.

### III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff Equal Employment Opportunity Commission's Motion to Compel Responses to Its First and Second Requests for Production of Documents [Doc. #310] is GRANTED IN PART, DENIED IN PART and DISMISSED AS MOOT IN PART as outlined above.

New Orleans, Louisiana, this 21st day of April, 2014.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**