UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KURIAN DAVID, et al.** | CIVIL ACTION |
|     Plaintiffs | |
| **VERSUS** | No. 08-1220 |
| **SIGNAL INTERNATIONAL, LLC, et al.,** | SECTION "E" |
|     Defendants | |

**Related Cases:**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | CIVIL ACTION |
|     Plaintiff | |
| **VERSUS** | No. 12-557 |
| **SIGNAL INTERNATIONAL, LLC, et al.,** | SECTION "E" |
|     Defendants | |
| **LAKSHMANAN PONNAYAN ACHARI, et al.,** | CIVIL ACTION |
|     Plaintiffs | |
| **VERSUS** | No. 13-6218<br>   (c/w 13-6219,<br>   13-6220, 13-6221,<br>   14-732, 14-1818) |
| **SIGNAL INTERNATIONAL, LLC, et al.,** | SECTION "E" |
|     Defendants | |

**Applies To:** *David v. Signal* (08-1220); *EEOC v. Signal* (12-557); *Achari v. Signal* (13-6218, 13-6219, 13-6220, 13-6221, 14-732)

## ORDER AND REASONS

Before the Court is a Motion to Certify for Interlocutory Appeal or Alternatively to Stay Pending Application for Mandamus Relief filed by Defendants Signal

1

International, L.L.C., Signal International, Inc., and Signal International Texas, G.P. (collectively "Signal").[1] Defendants Malvern Burnett, the Law Offices of Malvern Burnett, A.P.C., and Gulf Coast Immigration Law Center, L.L.C. (the "Burnett Defendants") have filed a similar Motion.[2] The question presented is whether the Court should certify for interlocutory appeal its orders prohibiting the discovery of certain post-Signal information, including immigration status. For the following reasons, the Court finds that the criteria for interlocutory appeal are not present and that a discretionary stay pending the outcome of a petition for mandamus relief is not warranted. The Motions are DENIED.

## BACKGROUND[3]

A protective order in the above-captioned matters prohibits Signal from discovering, *inter alia*, the current immigration status of any plaintiff, the current address or place of residence of any plaintiff, and the employers or potential employers of any plaintiff post-termination of employment with Signal.[4] Moving Defendants argue the protective order unduly restricts their ability to discover impeachment evidence.[5] The Court has rejected this argument on multiple occasions, finding that the *in terrorem* effect of producing the requested information outweighs Signal's interest in unbridled discovery. Recognizing the futility of beating a dead horse, Moving Defendants now ask the Court to certify its orders upholding the protective order for

---

[1] R. Doc. 1776 in the *David* Case, R. Doc. 472 in the *EEOC* Case, and R. Doc. 351 in the *Achari* Cases.
[2] R. Doc. 1808 in the *David* Case and R. Doc. 384 in the *Achari* Cases. The Burnett Defendants incorporate by reference the arguments set forth in Signal's motion.
[3] The facts of the related cases have been detailed *ad nauseum* in previous orders. Familiarity is assumed.
[4] R. Docs. 367 and 476 in the *David* Case, R. Doc. 285 in the *EEOC* Case, and R. Doc. 307 in the *Achari* Cases.
[5] The Burnett Defendants also argue the protective order precludes them from assessing the economic harm, if any, suffered by the plaintiffs.

interlocutory appeal. In the alternative, Moving Defendants request a discretionary stay of the above-captioned matters while they petition the Fifth Circuit Court of Appeals for a writ of mandamus.

## LEGAL STANDARD

An interlocutory appeal from a non-final order in a civil case is permissible when (1) the order involves "a controlling question of law," (2) there is "substantial ground for difference of opinion" on the question presented, and (3) an immediate appeal would "materially advance the ultimate termination of the litigation."[6] The district court cannot certify an order for interlocutory appeal unless all three criteria are present.[7] In determining whether certification is appropriate, the Court is mindful that interlocutory appeal is "exceptional" and "does not lie simply to determine the correctness of a judgment."[8]

## LAW AND ANALYSIS

The parties spill much ink arguing whether the protective order involves a controlling question of law on which there exists a substantial ground for difference of opinion. The Court need not decide these issues today. For the reasons explained more fully below, certification is not warranted because an immediate appeal would hinder—rather than hasten—the ultimate termination of the related cases.

An immediate appeal materially advances the termination of litigation if it would eliminate the need for trial, simplify the issues for trial, or reduce the burden of

---

[6] 28 U.S.C. § 1292(b).
[7] *See Aparicio v. Swan Lake*, 643 F.2d 1109, 1110 n.2 (5th Cir. 1981) ("Section 1292(b) sets out three criteria *all of which must be met* before the district court may properly certify an interlocutory order for appeal.") (emphasis added).
[8] *Clark-Dietz & Assocs.-Eng'rs, Inc. v. Basic Constr. Co.,* 702 F.2d 67, 68—69 (5th Cir. 1983).

discovery.[9] Certification of the protective order would accomplish none of these objectives.[10] As a non-dispositive order, the reversal or affirmance of a discovery order would seldom (if ever) eliminate the need for trial. Nor would a decision from the Fifth Circuit simplify the issues for trial or reduce the burden of discovery. If anything, vacature of the protective order would make discovery even more onerous and unwieldy.

Rather than expediting a final disposition, an interlocutory appeal would actually *delay* resolution of the related cases. The *David* Case is set for trial in less than three months. Even if the Fifth Circuit chose to hear the interlocutory appeal, the parties could not realistically expect a decision for at least six months.[11] Regardless of the Fifth Circuit's ruling, the *David* Case would then have to be returned to the Court's jury docket, resulting in an additional lengthy delay. Moreover, an extensive delay in the *David* Case would likely produce a ripple effect of continuances in the *EEOC* Case and the *Achari* Cases. And once the *David* Case and the related cases are finally tried, appealable issues will almost undoubtedly still exist,[12] which could lead to another round of appeals and remands.[13]

---

[9] *B&B Advisory Servs., LLC v. Bombardier Aerospace Corp.*, No. Civ. A. 02-2695, 2003 WL 22326511, at *2 (E.D. La. Oct. 9, 2003); *see also Panda Energy Int'l, Inc. v. Factory Mut. Ins.*, Nos. 3:11–CV–003–K, 3:10–CV–2541–K, No. 09–30453 (SGJ), and No. 09–30453 (SGJ), 2011 WL 610016, at *5 (N.D. Tex. Feb. 14, 2011) ("An appeal materially advances the termination of litigation when it accelerates or simplifies trial proceedings.").

[10] Courts in the Fifth Circuit have recognized that a discovery order is seldom appropriate for interlocutory appeal. *See, e.g.*, *In re Tullius*, No. EP-11-mc-365-KC., 2011 WL 5006673, at *2 (W.D. Tex. Oct. 20, 2011) ("District courts in the Fifth Circuit are hesitant to grant leave to appeal interlocutory orders relating to discovery."); *Decena v. Am. Int'l Cos. (AIG)*, No. 11-1574, 2012 WL 1640455, at *2 (E.D. La. May 9, 2o12) ("As several courts have recognized, pretrial discovery orders will seldom meet the requirements for interlocutory appeal.").

[11] As the *David* Plaintiffs note in their opposition memorandum, the average time for disposition in the Fifth Circuit is 9.3 months. *See* R. Doc. 1811-3 at p. 13.

[12] The related cases present many issues of first impression, which increases the likelihood of appeal.

[13] Such piecemeal appeals are disfavored. *See Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009) ("Permitting piecemeal, prejudgment appeals . . . undermines 'efficient judicial administration' and encroaches upon the prerogatives of district court judges, who play a 'special role' in managing ongoing litigation.) (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981)); *Clark-Dietz*, 702 F.2d at 69 ("The basic rule of appellate jurisdiction restricts review to final judgments, avoiding the delay and extra effort of piecemeal appeals.").

Having declined to certify the protective order for interlocutory appeal, the Court now considers the alternative relief requested by Moving Defendants—a stay pending resolution of an as-of-yet-filed petition for mandamus relief in the Fifth Circuit. There is no automatic stay of district proceedings while a petition for writ of mandamus is pending.[14] Accordingly, any such stay is imposed under the district court's general discretionary authority.[15]

A district court has inherent authority to manage its docket, which includes the power to stay proceedings.[16] The moving party bears a "heavy burden" to demonstrate that a stay is appropriate.[17] "Where a discretionary stay is proposed, something close to genuine necessity should be the mother of its invocation."[18]

For largely the reasons set forth above, Signal has failed to make the necessary showing. The hardship and inconvenience that would result from a stay substantially outweighs any benefit,[19] especially in light of the fact that mandamus relief is unlikely to be granted.[20] Accordingly, the Court will not issue a stay.

## CONCLUSION

Signal seeks to appeal an interlocutory ruling, the resolution of which will not materially advance the related cases to final judgment. Accordingly, the Court will not certify the ruling for interlocutory appeal. The Court also finds that Signal has failed to demonstrate that extraordinary circumstances warrant a discretionary stay.

---

[14] *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1416 (5th Cir. 1995).
[15] *See id.*
[16] *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).
[17] *Costal (Bermuda) Ltd. v. E.W. Saybolt & Co.*, 761 F.2d 195, 203 n.6 (5th Cir. 1985)
[18] *Id.*
[19] *See Landis*, 299 U.S. at 254 (instructing lower courts to "weigh competing interests and maintain an even balance" in deciding whether to issue a stay).
[20] *See In re LeBlanc*, 559 F. App'x 389, 392—93 (5th Cir. 2014) (noting that writ of mandamus is rarely issued with respect to discovery orders).

New Orleans, Louisiana, this 14th day of October, 2014.

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**